Shirley A. CURTISS, Plaintiff,

v.

KEY BANK OF WESTERN NEW YORK, N.A., Defendant.

No. CIV–88–1356E.

United States District Court, W.D. New York.

May 31, 1991.

---

**1.** Of course, this ruling does not foreclose Moldea from filing a Rule 56(f) response to the motion for summary judgment.

David G. Jay, Buffalo, N.Y., for plaintiff.

Thomas S. Brett, Syracuse, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The defendant bank has moved to recover its costs and attorney's fees incurred in prosecuting a motion for partial summary judgment which resulted in the dismissal of the plaintiff's claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The motion is made pursuant to Fed.R.Civ.P. rule 11, 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927.

■ The defendant originally moved for summary judgment in July 1990. In ruling on such motion, this Court stated:

"The plaintiff has also brought suit under ERISA but it is difficult to perceive such statute's relation to the discrimination claims. Neither party has had anything specific to say about it on the instant motion and, for present pur-

poses, this Court construes the summary judgment motion not to relate to such claim." Memorandum and Order (dated August 28, 1990), p. 7, fn. 2.

Thereafter, the defendant's counsel unsuccessfully sought from the plaintiff's attorney a stipulation dismissing the ERISA claim. The defendant then moved for partial summary judgment dismissing the ERISA claim and its attorney travelled from Syracuse to Buffalo to argue the motion. The plaintiff's counsel failed to appear or otherwise oppose the motion. The defendant maintains that the refusal to stipulate followed by the failure to oppose the motion gives rise to a situation where the costs and attorney's fees associated with the motion ought to be shifted to the plaintiff.

■ The conduct of plaintiff's counsel, while far from laudable, does not in the eyes of this Court warrant the imposition of a sanction under Fed.R.Civ.P. rule 11. Rule 11 imposes a degree of accountability for pleadings, motions and other papers submitted by an attorney to a court and thus does not afford relief against one who refuses to stipulate as his opponent requests. Moreover, while it is now evident that the ERISA claim lacked merit, this Court is not convinced that such was so apparent at the time the Complaint was filed as to warrant a Rule 11 sanction.

■ Further, the second and third grounds advanced by the defendant have not persuaded this Court to exercise its discretion to award attorney's fees and costs. The action is not one "under" ERISA which might invoke the fee-shifting mechanism of 29 U.S.C. § 1132(g)(1).[1] Furthermore, counsel's conduct was not so unreasonable or vexatious as to warrant relief under 28 U.S.C. § 1927.[2]

---

1. The section provides

"In any action under this subchapter * * * the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

2. The section provides:

"Any attorney or other person admitted to conduct cases in any court of the United Sates or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct."

4

Accordingly, it is hereby ORDERED that the defendant's motion for attorney's fees and costs incurred in prosecuting its motion for partial summary judgment is denied.